**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-4638**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONELL DONTE PADGETT,

Defendant - Appellant.

———————————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-6041)

———————————

Submitted: October 11, 2006        Decided: November 8, 2006

———————————

Before WIDENER, MICHAEL, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Donald L. Stennett, BREWSTER, MORHOUS, CAMERON, CARUTH, MOORE,
KERSEY & STAFFORD, PLLC, Charleston, West Virginia, for Appellant.
Kasey Warner, United States Attorney, R. Gregory McVey, Assistant
United States Attorney, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case is before the court on remand from the United States Supreme Court. We previously affirmed Donell Donte Padgett's conviction and sentence. United States v. Padgett, No. 03-4638 (4th Cir. May 26, 2004) (unpublished). The Supreme Court vacated our judgment and remanded the case to us for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).[1] After reviewing Padgett's sentence as instructed, we affirm.

A jury convicted Padgett of conspiracy to possess with intent to distribute more than five grams of crack cocaine, two counts of distribution of an unspecified quantity of crack cocaine, and aiding and abetting the distribution of an unspecified quantity of crack cocaine. At sentencing, the district court held Padgett responsible for the marijuana equivalencies of $2400 in cash found on Padgett's person at the time of his arrest and 33.89 grams of crack, representing the amount of crack involved in controlled buys and seized from Padgett's home. The court assigned a base offense level of 28, see U.S. Sentencing Guidelines Manual § 2D1.1, and increased this by two levels for possession of firearms, see USSG § 2D1.1(b), for a total offense level of 30. Padgett's criminal

_____

[1]By implication, the Supreme Court's order leaves intact that part of our decision affirming the conviction.

history category was II, and his resulting guideline range was 108-135 months. He was sentenced to 108 months in prison.

In Padgett's supplemental brief, filed at our direction after the Supreme Court's remand, Padgett contends that he is entitled to resentencing in light of Booker because his sentence was enhanced based on facts not found by the jury. Specifically, he complains that his base offense level and the firearm enhancement were determined based on facts found by the district court instead of by the jury.

This court has identified two types of Booker error: a violation of the Sixth Amendment and a failure to treat the sentencing guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005).[2] A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 543 U.S. at 244-45. Because Padgett did not raise a Sixth Amendment challenge in the district court, our review is for plain error. See Hughes, 401 F.3d at 547. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights.

---

[2]Padgett does not complain on appeal about the district court's treatment of the guidelines as mandatory. Had he so complained, we would have found no merit to this claim because Padgett failed to present any non-speculative evidence that he would have received a lower sentence had the guidelines been treated as advisory. See United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

See <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>Hughes</u>, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Hughes</u>, 401 F.3d at 555 (internal quotation marks and citation omitted).

Other than the conviction on Count One, which charged Padgett with possession with intent to distribute more than five grams of cocaine base, the jury made no findings as to the weight of drugs for which Padgett was responsible. Based on the conviction on Count One alone, Padgett's offense level would have been 26, and his guideline range would have been 70-87 months. His guideline range calculated based on judge-found facts (weight of drugs and possession of firearms) was 108-135 months. Padgett was sentenced to 108 months in prison, well above the maximum of the range established based on jury findings. Therefore, the district court's findings as to weight of drugs and possession of firearms constitute plain Sixth Amendment error under <u>Hughes</u>. We decline to recognize the error, however, because, as demonstrated in our earlier opinion, evidence of both drug quantity and firearm possession was "overwhelming and uncontroverted." <u>See</u> <u>United States v. Cotton</u>, 535 U.S. 625, 633 (2002); <u>United States v. Smith</u>,

- 4 -

441 F.3d 254, 272 (4th Cir. 2006) ("Even though the Sixth Amendment required that the jury, rather than the trial judge, make the drug quantity findings that increased [the defendant's] sentence, the evidence concerning drug quantity was overwhelming and uncontroverted."). We adhere to our earlier conclusion that guns and drugs discovered at a residence were appropriately treated as relevant conduct because of Padgett's significant ties to that residence.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

<u>AFFIRMED</u>